This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
Plaintiff-Appellant Todd A. Hutchinson has appealed from a judgment of the Summit County Court of Common Pleas that found the starting date for the accrual of prejudgment interest in his underinsured motorist claim was the date of the verdict. This Court affirms.
 I
On July 6, 1998, while changing a flat tire along the side of the highway, Appellant was injured in an automobile accident. Appellant suffered significant physical injuries that were treated over the next two and a half years.
On May 30, 2000, Appellant filed suit against Defendant-Appellee State Auto Insurance Company, Frank D. Smith, the driver of the car that hit Appellant, and the State of Ohio Bureau of Workers Compensation. The complaint was subsequently amended to join Westfield Insurance Company as an additional defendant. Smith's insurance carrier, Grange Insurance, settled for their limit of $50,000.
The case proceeded to trial and on April 5, 2001, the jury returned a verdict in favor of Appellant. Following the trial, Appellant filed a motion for prejudgment interest with a starting date of July 6, 1998, the day of the accident. The trial court found that Appellant was entitled to prejudgment interest from the date of the verdict, April 5, 2001, rather than the date of the accident. Appellant has appealed the judgment, asserting one assignment of error.
 II Assignment of Error The trial court abused its discretion in holding that prejudgment interest begins on the date of the verdict.
Appellant has argued that the trial court erred in finding that the starting date for calculating prejudgment interest was the verdict date instead of the accident date. This Court disagrees.
An appellate court reviews a trial court's determination of the starting date for an award of prejudgment interest under an abuse of discretion standard. Landis v. Grange Mut. Ins. Co. (1998),82 Ohio St.3d 339, 341-42. "The term `abuse of discretion' connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary, or unconscionable." State v. Wolons (1989),44 Ohio St.3d 64, 68, quoting State v. Adams (1980), 62 Ohio St.2d 151,157.
Even though underinsured motorist claims arise out automobile accidents, i.e., tortious conduct, the claims themselves are contractual in nature. See Landis 82 Ohio St.3d at 341. Since underinsured motorists claims are contract claims, R.C. 1343.03(A) applies when determining prejudgment interest. Id. R.C. 1343.03(A) provides that:
 [W]hen money becomes due and payable upon any * * * instrument of writing * * * and upon all judgments * * * for the payment of money arising out of tortious conduct or a contract or other transaction, the creditor is entitled to interest at the rate of ten per cent per annum.
Unlike R.C. 1343.03(C), which applies to actions based on tortious conduct, R.C. 1343.03(A) contains no starting date for calculating prejudgment interest. The court in Landis found that for prejudgment interest calculations, it is within the discretion of the trial court to determine when a judgment became due and payable. Id. at 342. See, also,Foster v. State Auto Mut. Ins. Co. (Jan. 5, 2000), Summit App. No. 19464, unreported, 2000 Ohio App. LEXIS at 3, appeal not allowed (2000),88 Ohio St.3d 1504.
In Foster, this Court explained that "the date on which a claim becomes due and payable may, on the facts of a specific case, be the date on which the concluding step in the process of determining the amount payable is completed." Foster at 5. Foster did not, however, announce aper se rule establishing the R.C. 1343.03(A) prejudgment interest starting date as the date the verdict is returned. Rather, it calls for the trial court to consider the facts before it in determining when money becomes due and payable. When considering the facts of each case, the trial court should also analyze the applicable insurance contract provisions. When the facts and contract provisions are silent on the starting date for prejudgment interest, the time when the concluding step in the process of determining the amount payable is completed provides the method to identify the starting date. Each case involves different facts and contract provisions and it is the job of the trial court to determine the appropriate starting date based on the evidence before it. Therefore, the prejudgment interest starting date remains within the discretion of the trial court.
This Court cannot conclude that the trial court abused its discretion in determining the starting date for prejudgment interest. While believing it had no discretion, as a result of a misinterpretation ofFoster, the trial court held that the date of judgment was the only date that prejudgment interest could begin. The trial court's decision to run interest from the judgment date was correct, but for the wrong reasons. Under both Landis and Foster and the facts of this case, the trial court properly found that in this particular case the starting date for calculating Appellant's prejudgment interest was April 5, 2001, the date the jury reached its verdict. Neither the record nor the arguments before this Court provide evidence that the starting date for prejudgment interest was appropriate before the concluding step in the process of determining the amount payable to Appellant was completed. The jury verdict was the concluding step in this case because it provided the time when the money became due and payable. Therefore, the decision of the trial court was not an abuse of discretion. Appellant's assignment of error is overruled.
 III
Appellant's sole assignment of error is overruled. The judgment of the trial court is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to Appellant.
Exceptions.
SLABY, P.J. CONCURS